# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
CARLO RAMIREZ,

                                      Plaintiff,          **VERIFIED**
                                                                         **COMPLAINT**
          -against-

FULTON SCG DEVELOPMENT LLC d/b/a FULTON      Index No.
SCG DEVELOPMENT GROUP and TOP 8
CONSTRUCTION CORP.,

                                    Defendants.
-------------------------------------------------------------------X

        Plaintiff, CARLO RAMIREZ, by his attorneys, Sullivan Papain Block McGrath Coffinas & Cannavo P.C., as and for a Verified Complaint, sets forth the following, at all times hereinafter mentioned, upon information and belief:

### FIRST CAUSE OF ACTION

        1.       That at all times relevant, plaintiff, CARLO RAMIREZ, resided in Queens County.

        2.       That at all times relevant, the defendant TOP 8 CONSTRUCTION CORP., (hereinafter referred to as "TOP 8 CONSTRUCTION"), was a domestic business corporation, organized and existing, under and by virtue of the laws of the State of New York.

        3.       That at all times relevant, TOP 8 CONSTRUCTION maintained offices at 136-20 38th Avenue, 12th Floor, Flushing, New York 11354.

        4.       That at all times relevant, and on and/or prior to February 13, 2020, TOP 8 CONSTRUCTION entered into an agreement relative to certain work, labor and/or construction services to be performed upon the land and buildings located at 133-36 37th Avenue, Flushing,

1

New York 11354, (hereinafter referred to as "construction site").[1]

5. That at all times relevant, TOP 8 CONSTRUCTION obtained a permit to perform work, labor, demolition and construction services at the construction site.

6. That at all times relevant, TOP 8 CONSTRUCTION was the general contractor relative to certain work, labor, demolition and construction services being performed at the construction site.

7. That at all times relevant, TOP 8 CONSTRUCTION was the construction manager relative to certain work, labor, demolition and construction services being performed at the construction site.

8. That at all times herein mentioned, TOP 8 CONSTRUCTION was the construction supervisor relative to certain work, labor, demolition and construction services being performed at the construction site.

9. That on/or about February 13, 2020, and/or for a period of time prior thereto, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees performed certain work, labor, demolition and construction services at the construction site.

10. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees maintained the construction site and the work, labor, demolition and services performed thereat.

11. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees managed the construction site and the work, labor, demolition and construction services performed thereat.

---

[1] It should be noted that the nature of the construction project was to combine 133-36 37th Avenue, Flushing, NY and 37-09 College Point Boulevard, Flushing, NY into one building with two separate towers.

2

12. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees controlled the construction site and the work, labor, demolition and construction services performed thereat.

13. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees supervised the construction site and the work, labor, demolition and construction services performed thereat.

14. That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees to maintain the construction site and the work, labor, demolition and construction services performed thereat in reasonably safe, suitable and adequate condition and repair.

15. That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

16. That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees to provide a reasonably safe place to work for persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

17. That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with work being performed at the construction site.

18. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants,

agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor, demolition and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

19. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

20. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

21. That at all times herein mentioned, TOP 8 CONSTRUCTION failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

22. That TOP 8 CONSTRUCTION violated sections 200 and 241(6) of the Labor Law of the State of New York, as well as sections of 12 NYCRR 23 including but not limited to 23-1.5, 23-1.7, 23-1.7, 23-1.8, 23-1.13, 23-1.13 (b)(1), 23-1.13(b)(2), 23-1.13(b)(3), 23-1.13(b)(4), 23-1.13(b)(5), 23-1.13(b)(6), 23-1.13(b)(7), 23-1.13(b)(8), 23-1.32 and 23-2.1.

23. That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

24. That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by TOP 8 CONSTRUCTION without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

25. That this action falls within one or more of the exceptions set forth in CPLR 1602.

26. Pursuant to CPLR Section 1602 (2) (iv), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION owed plaintiff a non-delegable duty of care.

27. Pursuant to CPLR Section 1602(7), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION acted with reckless disregard of the safety of others.

28. Pursuant to CPLR Section 1602 (2) (iv), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION is vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

29. Pursuant to CPLR Section 1602(4), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including in addition, the equitable share of any person or entity against whom plaintiff is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

30. Pursuant to CPLR Section 1602(8), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION is liable pursuant to Article 10 of the Labor Law.

31. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

32. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

33. That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

34. That at all times herein mentioned, TOP 8 CONSTRUCTION, failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

35. At all times relevant, defendant FULTON SCG DEVELOPMENT LLC d/b/a FULTON SCG DEVELOPMENT GROUP, (hereinafter, "FULTON SCG DEVELOPMENT"), was, and still, is a domestic limited liability company, duly organized and existing, under and by virtue of the laws of the State of New York.

36. At all times relevant, defendant FULTON SCG DEVELOPMENT maintained offices at 136-20 38th Street, 12th Floor, Flushing, New York 11354.

37. On February 13, 2020, defendant FULTON SCG DEVELOPMENT was the owner of the land, buildings and construction site located at the construction site.

38. On February 13, 2020, defendant FULTON SCG DEVELOPMENT owned the construction site.

39. On February 13, 2020, defendant FULTON SCG DEVELOPMENT operated the construction site.

40. On February 13, 2020, defendant FULTON SCG DEVELOPMENT managed the construction site.

41. On February 13, 2020, defendant FULTON SCG DEVELOPMENT maintained the construction site.

42. On February 13, 2020, defendant FULTON SCG DEVELOPMENT supervised the construction site.

43. On February 13, 2020, defendant FULTON SCG DEVELOPMENT controlled the construction site.

44. At all times relevant, defendant FULTON SCG DEVELOPMENT performed work, labor, demolition and/or construction services at the construction site.

45. At all times relevant, defendant FULTON SCG DEVELOPMENT hired and/or retained defendant TOP 8 CONSTRUCTION to perform construction work, labor and/or services at the construction site.

46. At all times relevant, and as of February 13, 2020, defendant FULTON SCG DEVELOPMENT entered into construction services agreements relative to certain work, labor and/or construction services to be performed upon the construction site.

47. At all times relevant, defendant FULTON SCG DEVELOPMENT entered into an agreement with defendant TOP 8 CONSTRUCTION pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

48. At all times relevant, defendant FULTON SCG DEVELOPMENT obtained permit(s) to perform work, labor, demolition and construction services at the construction site.

49. That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees performed certain work, labor, demolition and services at the construction site.

50. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees maintained the construction site and the work, labor, demolition and services performed thereat.

51. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees managed the construction site and the work, labor, demolition and services performed thereat.

52. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees controlled the construction site and the work, labor, demolition and services performed thereat.

53. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees supervised the construction site and the work, labor, demolition and services performed thereat.

54. At all times relevant, it was the duty of defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees to maintain the construction site and the work, labor, demolition and services performed thereat in reasonably

safe, suitable and adequate condition and repair.

55. At all relevant times, it was the duty of defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

56. At all times relevant, it was the duty of defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees to provide a reasonably safe place to work for persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

57. At all times relevant, it was the duty of defendant FULTON SCG DEVELOPMENT to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with work being performed at the construction site.

58. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor, demolition and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

59. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

60. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to

9

work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

61. At all times relevant, defendant FULTON SCG DEVELOPMENT failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

62. That defendant FULTON SCG DEVELOPMENT violated sections 200 and 241(6) of the Labor Law of the State of New York, as well as sections of 12 NYCRR 23 including but not limited to 23-1.5, 23-1.7, 23-1.7, 23-1.8, 23-1.13, 23-1.13 (b)(1), 23-1.13(b)(2), 23-1.13(b)(3), 23-1.13(b)(4), 23-1.13(b)(5), 23-1.13(b)(6), 23-1.13(b)(7), 23-1.13(b)(8), 23-1.32 and 23-2.1.

63. That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

64. That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by defendant FULTON SCG DEVELOPMENT, itself, and through its agents, servants, employees, contractors, and subcontractors, without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

65. That this action falls within one or more of the exceptions set forth in CPLR 1602.

66. Pursuant to CPLR Section 1602 (2) (iv), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT owed plaintiff a non-delegable duty of care.

67. Pursuant to CPLR Section 1602(7), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT acted with reckless disregard of the safety of others.

68. Pursuant to CPLR Section 1602 (2) (iv), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT is vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

69. Pursuant to CPLR Section 1602(4), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including in addition, the equitable share of any person or entity against whom plaintiff is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

70. Pursuant to CPLR Section 1602(8), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT is liable pursuant to Article 10 of the Labor Law.

71. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor and services performed thereat in a reasonably safe, suitable and adequate condition

11

and repair.

72. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

73. At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

74. At all times relevant, defendant FULTON SCG DEVELOPMENT, failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

75. That on February 13, 2020 plaintiff, CARLO RAMIREZ, was lawfully present upon the construction site.

76. That on February 13, 2020 plaintiff, CARLO RAMIREZ was lawfully at the construction site in connection with his employment with Manley Construction.

77. That on February 13, 2020 plaintiff, CARLO RAMIREZ was caused to sustain serious, severe and permanent personal injuries as a result of the carelessness, recklessness and negligence of the defendants.

78. That on February 13, 2020, and for a period of time prior thereto, there existed dangerous, defective, hazardous, unguarded, unprotected, unsupervised and unsafe conditions at the construction site.

79. That on February 13, 2020 plaintiff, CARLO RAMIREZ, was caused to suffer severe and permanent personal injuries as a result of the dangerous, defective, hazardous, unguarded, unprotected, unsupervised and unsafe conditions existing at the construction site.

80. That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

81. That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by the defendants without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

82. That it was the duty of the defendants to furnish the plaintiff with a reasonably safe place to perform the work required of him upon said building and to provide him with suitable and proper safety equipment. That said occurrence was caused solely by reason of the negligence, carelessness and recklessness of the defendants, in the ownership, operation, management, maintenance, cleaning, supervision and control of the aforesaid work site at the place aforementioned; in allowing suffering and permitting said premises and a portion thereof to be and remain in a dangerous and hazardous condition; in allowing said work site to be and remain in a dangerous and defective state, constituting an unreasonable, actual and potential trap and menace likely to cause severe and serious personal injuries; in failing to remedy said dangerous condition; in creating said dangerous condition; in failing to take reasonable and adequate precautions and measures to prevent the occurrence; in failing to have competent help or employees who would perform inspection; in failing to conduct reasonable and proper inspections of said premises; in failing to provide reasonable, suitable, and adequate protective devices to protect the plaintiff; and defendants were further careless and negligent in failing to provide a safe and proper place for plaintiff to work; all in violation of the laws and ordinances of the City and State of New York, including sections 200 and 241(6) of the Labor Law, the Industrial Code of the State of New York

13

and Occupational Safety and Health Act; in causing and allowing the plaintiff to work on a live electrical panel box; in causing and allowing other construction operations, including drilling, to proceed in close proximity to the electrical panel box the plaintiff was working on; in failing to de-energize the electrical panel box the plaintiff was required to work on, before he began his work; in causing an allowing the plaintiff to suffer injuries from electrical arc; in failing to provide the plaintiff with the proper safety equipment to prevent him from being injured in an electrical arc event; in that the defendants and each of the, jointly and severally, failed to so construct, equip, arrange, operate and conduct the premises the plaintiff's labors were being performed so as to provide reasonable and adequate protection for the life, health, safety of the plaintiff, said defendants further violated their duty, responsibility and obligation of law to provide safe working conditions and safe places to work for person employed in the construction, renovation, building, refurbishment and demolition activity; said defendants breached their non-delegable duty to furnish the plaintiff with safety precautions and devices required by the Labor Law of the State of New York and more particularly sections 200 and 241 of the New York State Labor Law.

83. This action falls within one or more of the exceptions enumerated by Section 1602 of the CPLR.

84. That by reason of foregoing, the plaintiff was rendered sick, sore, lame and disabled and suffered severe, painful and permanent injuries to various parts of his person, with accompanying pain; that he continues to be sick, sore, lame and disabled, for a long time to come and was, and will be, required to receive hospital and medical treatment and attention for his injuries and was unable and shall continue to be unable to pursue his usual pursuits, activities and employment all to his damage.

WHEREFORE, plaintiff demands judgment against the defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated: New York, New
       March 9, 2020

Yours, etc.,

SULLIVAN PAPAIN BLOCK McGRATH
COFFINAS & CANNAVO P.C.

By: _____
    Eric K. Schwarz
Attorneys for plaintiff
120 Broadway – 27th Floor
New York, New York 10271
(212) 732-9000

15

## VERIFICATION

ERIC K. SCHWARZ, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not states upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated:    New York, New York
          March 9, 2020

_____
ERIC K. SCHWARZ