# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
CARLO RAMIREZ,

                                   Plaintiff,

                    -against-

FULTON SCG DEVELOPMENT LLC d/b/a FULTON
SCG DEVELOPMENT GROUP, TOP 8
CONSTRUCTION CORP., UNITY CONSTRUCTION
SERVICES INC. and BLINK CONTRACTING INC.,

                                   Defendants.
-----------------------------------------------------------------X

**AMENDED
VERIFIED
COMPLAINT**

Index No.: 704096/2020

Plaintiff, CARLO RAMIREZ, by his attorneys, Sullivan Papain Block McGrath Coffinas

& Cannavo P.C., as and for an Amended Verified Complaint, sets forth the following, at all

times hereinafter mentioned, upon information and belief:

## FIRST CAUSE OF ACTION

1.      That at all times relevant, plaintiff, CARLO RAMIREZ, resided in Queens

County.

2.      That at all times relevant, the defendant TOP 8 CONSTRUCTION CORP.,

(hereinafter referred to as "TOP 8 CONSTRUCTION"), was a domestic business corporation,

organized and existing, under and by virtue of the laws of the State of New York.

3.      That at all times relevant, TOP 8 CONSTRUCTION maintained offices at 136-20

38th Avenue, 12th Floor, Flushing, New York 11354.

4.      That at all times relevant, and on and/or prior to February 13, 2020, TOP 8

CONSTRUCTION entered into an agreement relative to certain work, labor and/or construction

services to be performed upon the land and buildings located at 133-36 37th Avenue, Flushing,

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020

NYSCEF DOC. NO. 7                                         RECEIVED NYSCEF: 09/11/2020

New York 11354, (hereinafter referred to as "construction site"). [1]

5.      That at all times relevant, TOP 8 CONSTRUCTION obtained a permit to perform work, labor, demolition and construction services at the construction site.

6.      That at all times relevant, TOP 8 CONSTRUCTION was the general contractor relative to certain work, labor, demolition and construction services being performed at the construction site.

7.      That at all times relevant, TOP 8 CONSTRUCTION was the construction manager relative to certain work, labor, demolition and construction services being performed at the construction site.

8.      That at all times herein mentioned, TOP 8 CONSTRUCTION was the construction supervisor relative to certain work, labor, demolition and construction services being performed at the construction site.

9.      At all times relevant, defendant TOP 8 CONSTRUCTION was retained by defendant FULTON SCG DEVELOPMENT LLC d/b/a FULTON SCG DEVELOPMENT GROUP, (hereinafter, "FULTON SCG DEVELOPMENT"), to perform work, labor, demolition and/or construction services at the construction site.

10.     At all times relevant, defendant TOP 8 CONSTRUCTION was retained by defendant FULTON SCG DEVELOPMENT to supervise work, labor, demolition and/or construction services at the construction site.

11.     At all times relevant, defendant TOP 8 CONSTRUCTION was retained by defendant FULTON SCG DEVELOPMENT to oversee work, labor, demolition and/or construction services at the construction site.

---

[1] It should be noted that the nature of the construction project was to combine 133-36 37th Avenue, Flushing, NY and 37-09 College Point Boulevard, Flushing, NY into one building with two separate towers.

2

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                          RECEIVED NYSCEF: 09/11/2020

12.     At all times relevant, defendant TOP 8 CONSTRUCTION was retained by defendant FULTON SCG DEVELOPMENT to coordinate work, labor, demolition and/or construction services at the construction site.

13.     At all times relevant, defendant TOP 8 CONSTRUCTION was retained by defendant FULTON SCG DEVELOPMENT to manage work, labor, demolition and/or construction services at the construction site.

14.     That at all times herein mentioned, TOP 8 CONSTRUCTION was an agent of defendant FULTON SCG DEVELOPMENT relative to certain work, labor, demolition and construction services being performed at the construction site.

15.     That on/or about February 13, 2020, and/or for a period of time prior thereto, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees performed certain work, labor, demolition and construction services at the construction site.

16.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees maintained the construction site and the work, labor, demolition and services performed thereat.

17.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees managed the construction site and the work, labor, demolition and construction services performed thereat.

18.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees controlled the construction site and the work, labor, demolition and construction services performed thereat.

19.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees supervised the construction site and the work,

3

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM
NYSCEF DOC. NO. 7

INDEX NO. 704096/2020
RECEIVED NYSCEF: 09/11/2020

labor, demolition and construction services performed thereat.

20.    That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees to maintain the construction site and the work, labor, demolition and construction services performed thereat in reasonably safe, suitable and adequate condition and repair.

21.    That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

22.    That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees to provide a reasonably safe place to work for persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

23.    That at all times herein mentioned, it was the duty of TOP 8 CONSTRUCTION to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with work being performed at the construction site.

24.    That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor, demolition and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

25.    That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and

4

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM

NYSCEF DOC. NO. 7

INDEX NO. 704096/2020

RECEIVED NYSCEF: 09/11/2020

well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

26.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

27.     That at all times herein mentioned, TOP 8 CONSTRUCTION failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

28.     That TOP 8 CONSTRUCTION violated sections 200 and 241(6) of the Labor Law of the State of New York, as well as sections of 12 NYCRR 23 including but not limited to 23-1.5, 23-1.7, 23-1.7, 23-1.8, 23-1.13, 23-1.13 (b)(1), 23-1.13(b)(2), 23-1.13(b)(3), 23-1.13(b)(4), 23-1.13(b)(5), 23-1.13(b)(6), 23-1.13(b)(7), 23-1.13(b)(8), 23-1.32 and 23-2.1.

29.     That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

30.     That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by TOP 8 CONSTRUCTION without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

31.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

32.     Pursuant to CPLR Section 1602 (2) (iv), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION owed plaintiff a non-delegable duty of care.

5

33.     Pursuant to CPLR Section 1602(7), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION acted with reckless disregard of the safety of others.

34.     Pursuant to CPLR Section 1602 (2) (iv), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION is vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

35.     Pursuant to CPLR Section 1602(4), TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including in addition, the equitable share of any person or entity against whom plaintiff is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

36.     Pursuant to CPLR Section 1602(8). TOP 8 CONSTRUCTION is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that TOP 8 CONSTRUCTION is liable pursuant to Article 10 of the Labor Law.

37.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

38.     That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and

6

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM        INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                     RECEIVED NYSCEF: 09/11/2020

well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

39.    That at all times herein mentioned, TOP 8 CONSTRUCTION, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

40.    That at all times herein mentioned, TOP 8 CONSTRUCTION, failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

41.    At all times relevant, defendant FULTON SCG DEVELOPMENT, was, and still, is a domestic limited liability company, duly organized and existing, under and by virtue of the laws of the State of New York.

42.    At all times relevant, defendant FULTON SCG DEVELOPMENT maintained offices at 136-20 38th Street, 12th Floor, Flushing, New York 11354.

43.    On February 13, 2020, defendant FULTON SCG DEVELOPMENT was the owner of the land, buildings and construction site located at the construction site.

44.    On February 13, 2020, defendant FULTON SCG DEVELOPMENT owned the construction site.

45.    On February 13, 2020, defendant FULTON SCG DEVELOPMENT operated the construction site.

46.    On February 13, 2020, defendant FULTON SCG DEVELOPMENT managed the construction site.

7

47.     On February 13, 2020, defendant FULTON SCG DEVELOPMENT maintained the construction site.

48.     On February 13, 2020, defendant FULTON SCG DEVELOPMENT supervised the construction site.

49.     On February 13, 2020, defendant FULTON SCG DEVELOPMENT controlled the construction site.

50.     At all times relevant, defendant FULTON SCG DEVELOPMENT performed work, labor, demolition and/or construction services at the construction site.

51.     At all times relevant, defendant FULTON SCG DEVELOPMENT hired and/or retained defendant TOP 8 CONSTRUCTION to perform construction work, labor and/or services at the construction site.

52.     At all times relevant, defendant FULTON SCG DEVELOPMENT hired and/or retained defendant UNITY CONSTRUCTION SERVICES INC., (hereinafter, "UNITY"), to perform construction work, labor and/or services at the construction site.

53.     At all times relevant, and as of February 13, 2020, defendant FULTON SCG DEVELOPMENT entered into construction services agreements relative to certain work, labor and/or construction services to be performed upon the construction site.

54.     At all times relevant, defendant FULTON SCG DEVELOPMENT entered into an agreement with defendant TOP 8 CONSTRUCTION pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

55.     At all times relevant, defendant FULTON SCG DEVELOPMENT entered into an agreement with defendant UNITY pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

8

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

56.     At all times relevant, defendant FULTON SCG DEVELOPMENT entered into an
agreement with defendant TOP 8 CONSTRUCTION pursuant to which certain work, labor,
demolition, construction services and material were provided to and upon the construction site.

57.     At all times relevant, defendant FULTON SCG DEVELOPMENT obtained
permit(s) to perform work, labor, demolition and construction services at the construction site.

58.     That on/or about February 13, 2020, and/or for a period of time prior thereto,
defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or
employees performed certain work, labor, demolition and services at the construction site.

59.     At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants,
agents, permittees, contractors and/or employees maintained the construction site and the work,
labor, demolition and services performed thereat.

60.     At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants,
agents, permittees, contractors and/or employees managed the construction site and the work,
labor, demolition and services performed thereat.

61.     At all times relevant, defendant FULTON SCG DEVELOPMENT. its servants,
agents, permittees, contractors and/or employees controlled the construction site and the work,
labor, demolition and services performed thereat.

62.     At all times relevant, defendant FULTON SCG DEVELOPMENT. its servants,
agents, permittees, contractors and/or employees supervised the construction site and the work,
labor, demolition and services performed thereat.

63.     At all times relevant, it was the duty of defendant FULTON SCG
DEVELOPMENT, its servants, agents, permittees, contractors and/or employees to maintain the
construction site and the work, labor, demolition and services performed thereat in reasonably

9

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM
NYSCEF DOC. NO. 7
INDEX NO. 704096/2020
RECEIVED NYSCEF: 09/11/2020

safe, suitable and adequate condition and repair.

64.    At all relevant times, it was the duty of defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

65.    At all times relevant, it was the duty of defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees to provide a reasonably safe place to work for persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

66.    At all times relevant, it was the duty of defendant FULTON SCG DEVELOPMENT to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with work being performed at the construction site.

67.    At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor, demolition and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

68.    At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

69.    At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to

10

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

70.     At all times relevant, defendant FULTON SCG DEVELOPMENT failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

71.     That defendant FULTON SCG DEVELOPMENT violated sections 200 and 241(6) of the Labor Law of the State of New York. as well as sections of 12 NYCRR 23 including but not limited to 23-1.5, 23-1.7, 23-1.7, 23-1.8, 23-1.13, 23-1.13 (b)(1), 23-1.13(b)(2), 23-1.13(b)(3), 23-1.13(b)(4), 23-1.13(b)(5), 23-1.13(b)(6), 23-1.13(b)(7), 23-1.13(b)(8),  23-1.32 and 23-2.1.

72.     That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

73.     That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by defendant  FULTON SCG DEVELOPMENT, itself, and through its agents, servants, employees, contractors, and subcontractors, without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

74.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

75.     Pursuant to CPLR Section 1602 (2) (iv), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT owed plaintiff a non-delegable duty of care.

76.     Pursuant to CPLR Section 1602(7), defendant FULTON SCG DEVELOPMENT

11

is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT acted with reckless disregard of the safety of others.

77.     Pursuant to CPLR Section 1602 (2) (iv), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT is vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

78.     Pursuant to CPLR Section 1602(4), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including in addition, the equitable share of any person or entity against whom plaintiff is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

79.     Pursuant to CPLR Section 1602(8), defendant FULTON SCG DEVELOPMENT is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant FULTON SCG DEVELOPMENT is liable pursuant to Article 10 of the Labor Law.

80.     At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

81.     At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants,

12

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM

NYSCEF DOC. NO. 7

INDEX NO. 704096/2020

RECEIVED NYSCEF: 09/11/2020

agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

82.    At all times relevant, defendant FULTON SCG DEVELOPMENT, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

83.    At all times relevant, defendant FULTON SCG DEVELOPMENT, failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

84.    At all times relevant, defendant UNITY, was. and still, is a foreign business corporation, duly organized and existing, under and by virtue of the laws of the State of New Jersey.

85.    At all times relevant, defendant UNITY maintained offices at 2500 Main Street, Unit 3, Sayreville, New Jersey 08872.

86.    At all times relevant, defendant UNITY was a foreign business corporation authorized to conduct business in the State of New York.

87.    At all times relevant, defendant UNITY transacted business in the State of New York.

88.    At all times relevant, defendant UNITY derived substantial revenue from goods used or consumed or services rendered in the State of New York.

13

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM

NYSCEF DOC. NO. 7

INDEX NO. 704096/2020

RECEIVED NYSCEF: 09/11/2020

89.    At all times relevant, defendant UNITY regularly solicited business in the State of New York.

90.    At all times relevant, defendant UNITY expected, or should have reasonably expected, its acts to have consequences in the State of New York.

91.    Prior to and on February 13, 2020, defendant UNITY committed a tortuous act within the State of New York causing injury to the plaintiff.

92.    Prior to and on February 13, 2020, defendant UNITY committed a tortuous act outside the State of New York causing injury to the plaintiff.

93.    On February 13, 2020, defendant UNITY was the owner of the land, buildings and construction site located at the construction site.

94.    On February 13, 2020, defendant UNITY owned the construction site.

95.    On February 13, 2020, defendant UNITY operated the construction site.

96.    On February 13, 2020, defendant UNITY managed the construction site.

97.    On February 13, 2020, defendant UNITY maintained the construction site.

98.    On February 13, 2020, defendant UNITY supervised the construction site.

99.    On February 13, 2020, defendant UNITY controlled the construction site.

100.   At all times relevant, defendant UNITY performed work, labor, demolition and/or construction services at the construction site.

101.   At all times relevant, defendant UNITY was retained by defendant FULTON SCG DEVELOPMENT to perform work, labor, demolition and/or construction services at the construction site.

102.   At all times relevant, defendant UNITY was retained by defendant FULTON

14

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020

NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

SCG DEVELOPMENT to supervise work, labor, demolition and/or construction services at the construction site.

103.    At all times relevant, defendant UNITY was retained by defendant FULTON SCG DEVELOPMENT to oversee work, labor, demolition and/or construction services at the construction site.

104.    At all times relevant, defendant UNITY was retained by defendant FULTON SCG DEVELOPMENT to coordinate work, labor, demolition and/or construction services at the construction site.

105.    At all times relevant, defendant UNITY was retained by defendant FULTON SCG DEVELOPMENT to manage work, labor, demolition and/or construction services at the construction site.

106.    At all times relevant, defendant UNITY was an agent of defendant FULTON SCG DEVELOPMENT relative to work, labor, demolition and/or construction services at the construction site.

107.    At all times relevant, defendant UNITY hired and/or retained defendant TOP 8 CONSTRUCTION to perform construction work, labor and/or services at the construction site.

108.    At all times relevant, defendant UNITY hired and/or retained defendant BLINK CONTRACTING INC., (hereinafter referred to as "BLINK"), to perform construction work, labor and/or services at the construction site.

109.    At all times relevant, defendant UNITY hired and/or retained Wiretech Electric Corp. to perform construction work, labor and/or services at the construction site.

110.    At all times relevant, and as of February 13, 2020, defendant UNITY entered into construction services agreements relative to certain work, labor and/or construction services to

15

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                           RECEIVED NYSCEF: 09/11/2020

be performed upon the construction site.

    111.    At all times relevant, defendant UNITY entered into an agreement with defendant FULTON SCG DEVELOPMENT pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

    112.    At all times relevant, defendant UNITY entered into an agreement with defendant TOP 8 CONSTRUCTION pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

    113.    At all times relevant, defendant UNITY entered into an agreement with defendant BLINK pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

    114.    At all times relevant, defendant UNITY entered into an agreement with Wiretech Electrc Corp. pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

    115.    At all times relevant, defendant UNITY obtained permit(s) to perform work, labor, demolition and construction services at the construction site.

    116.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant UNITY was the general contractor relative to the work, labor, demolition and construction services at the construction site.

    117.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant UNITY was the construction manager relative to the work, labor, demolition and construction services at the construction site.

    118.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant UNITY was the construction supervisor relative to the work, labor, demolition and

16

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM
INDEX NO. 704096/2020
NYSCEF DOC. NO. 7
RECEIVED NYSCEF: 09/11/2020

construction services at the construction site.

119.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant UNITY, its servants, agents, permittees, contractors and/or employees performed certain work, labor, demolition and services at the construction site.

120.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees maintained the construction site and the work, labor, demolition and services performed thereat.

121.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees managed the construction site and the work, labor, demolition and services performed thereat.

122.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees controlled the construction site and the work, labor, demolition and services performed thereat.

123.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees supervised the construction site and the work, labor, demolition and services performed thereat.

124.    At all times relevant, it was the duty of defendant UNITY, its servants, agents, permittees, contractors and/or employees to maintain the construction site and the work, labor, demolition and services performed thereat in reasonably safe, suitable and adequate condition and repair.

125.    At all relevant times, it was the duty of defendant UNITY, its servants, agents, permittees, contractors and/or employees to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in accordance with the Labor Law

17

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM
NYSCEF DOC. NO. 7
INDEX NO. 704096/2020
RECEIVED NYSCEF: 09/11/2020

of the State of New York.

126.    At all times relevant, it was the duty of defendant UNITY, its servants, agents, permittees, contractors and/or employees to provide a reasonably safe place to work for persons lawfully working upon the construction site, in accordance with the Labor Law of the State of New York.

127.    At all times relevant, it was the duty of defendant UNITY to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with work being performed at the construction site.

128.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor, demolition and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

129.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site. in violation of the Labor Law of the State of New York.

130.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

131.    At all times relevant, defendant UNITY failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or

18

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020

NYSCEF DOC. NO 7                                          RECEIVED NYSCEF: 09/11/2020

instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

132.     Defendant UNITY violated sections 200 and 241(6) of the Labor Law of the State of New York, as well as sections of 12 NYCRR 23 including but not limited to 23-1.5, 23-1.7, 23-1.7, 23-1.8, 23-1.13, 23-1.13 (b)(1), 23-1.13(b)(2), 23-1.13(b)(3), 23-1.13(b)(4), 23-1.13(b)(5), 23-1.13(b)(6), 23-1.13(b)(7), 23-1.13(b)(8), 23-1.32 and 23-2.1.

133.     That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

134.     That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by defendant UNITY, itself, and through its agents, servants, employees, contractors, and subcontractors, without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

135.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

136.     Pursuant to CPLR Section 1602 (2) (iv), defendant UNITY is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant UNITY owed plaintiff a non-delegable duty of care.

137.     Pursuant to CPLR Section 1602(7), defendant UNITY is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant UNITY acted with reckless disregard of the safety of others.

138.     Pursuant to CPLR Section 1602 (2) (iv), defendant UNITY is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact

19

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                       RECEIVED NYSCEF: 09/11/2020

that defendant UNITY is vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

139.    Pursuant to CPLR Section 1602(4), defendant UNITY is jointly and severally liable for all of plaintiff's damages, including in addition, the equitable share of any person or entity against whom plaintiff is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

140.    Pursuant to CPLR Section 1602(8), defendant UNITY is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant UNITY is liable pursuant to Article 10 of the Labor Law.

141.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

142.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

143.    At all times relevant, defendant UNITY, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

144.    At all times relevant, defendant UNITY, failed to provide and/or ensure the use of

20

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM
NYSCEF DOC. NO. 7

INDEX NO. 704096/2020
RECEIVED NYSCEF: 09/11/2020

reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

145.    At all times relevant, defendant BLINK, was, and still, is a domestic business corporation, duly organized and existing, under and by virtue of the laws of the State of New York.

146.    At all times relevant, defendant BLINK maintained offices at 339 Saw Mill River Road, Yonkers, New York 10701.

147.    On February 13, 2020, defendant BLINK was the owner of the land, buildings and construction site located at the construction site.

148.    On February 13, 2020, defendant BLINK owned the construction site.

149.    On February 13, 2020, defendant BLINK operated the construction site.

150.    On February 13, 2020, defendant BLINK managed the construction site.

151.    On February 13, 2020. defendant BLINK maintained the construction site.

152.    On February 13, 2020, defendant BLINK supervised the construction site.

153.    On February 13, 2020, defendant BLINK controlled the construction site.

154.    At all times relevant, defendant BLINK performed work, labor, demolition and/or construction services at the construction site.

155.    At all times relevant, defendant BLINK was retained by defendant FULTON SCG DEVELOPMENT to perform work, labor, demolition and/or construction services at the construction site.

21

156.    At all times relevant, defendant BLINK was retained by defendant TOP 8 CONSTRUCTION to perform work, labor, demolition and/or construction services at the construction site.

157.    At all times relevant, defendant BLINK was retained by defendant UNITY to perform work, labor, demolition and/or construction services at the construction site.

158.    At all times relevant, defendant BLINK was retained by defendant UNITY to perform carpentry work at the construction site.

159.    At all times relevant, and as of February 13, 2020, defendant BLINK entered into construction services agreements relative to certain work, labor and/or construction services to be performed upon the construction site.

160.    At all times relevant, defendant BLINK entered into an agreement with defendant FULTON SCG DEVELOPMENT pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

161.    At all times relevant, defendant BLINK entered into an agreement with defendant TOP 8 CONSTRUCTION pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

162.    At all times relevant, defendant BLINK entered into an agreement with defendant UNITY pursuant to which certain work, labor, demolition, construction services and material were provided to and upon the construction site.

163.    At all times relevant, defendant BLINK obtained permit(s) to perform work, labor, demolition and construction services at the construction site.

164.    That on/or about February 13, 2020, and/or for a period of time prior thereto,

22

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

defendant BLINK was the general contractor relative to the work, labor, demolition and construction services at the construction site.

165.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant BLINK was the construction manager relative to the work, labor, demolition and construction services at the construction site.

166.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant BLINK was the construction supervisor relative to the work, labor, demolition and construction services at the construction site.

167.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant BLINK was a subcontractor relative to the work, labor, demolition and construction services at the construction site.

168.    That on/or about February 13, 2020, and/or for a period of time prior thereto, defendant BLINK, its servants, agents, permittees, contractors and/or employees performed certain work, labor, demolition and services at the construction site.

169.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees maintained the construction site and the work, labor, demolition and services performed thereat.

170.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees managed the construction site and the work, labor, demolition and services performed thereat.

171.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees controlled the construction site and the work, labor, demolition and services performed thereat.

23

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO 7                                         RECEIVED NYSCEF: 09/11/2020

172.     At all times relevant, defendant BLINK, its servants, agents, permittees,
contractors and/or employees supervised the construction site and the work, labor, demolition
and services performed thereat.

173.     At all times relevant, it was the duty of defendant BLINK, its servants, agents,
permittees, contractors and/or employees to maintain the construction site and the work, labor,
demolition and services performed thereat in reasonably safe, suitable and adequate condition
and repair.

174.     At all relevant times, it was the duty of defendant BLINK, its servants,
agents, permittees, contractors and/or employees to provide for the safety, protection and well-
being of persons lawfully working upon the construction site, in accordance with the Labor Law
of the State of New York.

175.     At all times relevant, it was the duty of defendant BLINK, its servants, agents,
permittees, contractors and/or employees to provide a reasonably safe place to work for persons
lawfully working upon the construction site, in accordance with the Labor Law of the State of
New York.

176.     At all times relevant, it was the duty of defendant BLINK to provide and/or
ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus
and/or instrumentalities for use in conjunction with work being performed at the construction
site.

177.     At all times relevant, defendant BLINK, its servants, agents, permittees,
contractors and/or employees failed to maintain the construction site and the work, labor,
demolition and services performed thereat in a reasonably safe, suitable and adequate condition
and repair.

24

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

178.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

179.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

180.    At all times relevant, defendant BLINK failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

181.    Defendant BLINK violated sections 200 and 241(6) of the Labor Law of the State of New York, as well as sections of 12 NYCRR 23 including but not limited to 23-1.5, 23-1.7, 23-1.7, 23-1.8, 23-1.13, 23-1.13 (b)(1), 23-1.13(b)(2), 23-1.13(b)(3), 23-1.13(b)(4), 23-1.13(b)(5), 23-1.13(b)(6), 23-1.13(b)(7), 23-1.13(b)(8), 23-1.32 and 23-2.1.

182.    That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

183.    That the foregoing accident was caused solely by reason of the carelessness, negligence, wanton and willful disregard by defendant BLINK, itself, and through its agents, servants, employees, contractors, and subcontractors, without any negligence on the part of plaintiff, CARLO RAMIREZ, contributing thereto.

184.    That this action falls within one or more of the exceptions set forth in PLR 1602.

185.    Pursuant to CPLR Section 1602 (2) (iv), defendant BLINK is jointly and

severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant BLINK owed plaintiff a non-delegable duty of care.

186.    Pursuant to CPLR Section 1602(7), defendant BLINK is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant BLINK acted with reckless disregard of the safety of others.

187.    Pursuant to CPLR Section 1602 (2) (iv), defendant BLINK is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss. irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant BLINK is vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

188.    Pursuant to CPLR Section 1602(4), defendant BLINK is jointly and severally liable for all of plaintiff's damages, including in addition, the equitable share of any person or entity against whom plaintiff is barred from asserting a cause of action because of the applicability of the Workers Compensation Law.

189.    Pursuant to CPLR Section 1602(8), defendant BLINK is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant BLINK is liable pursuant to Article 10 of the Labor Law.

190.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees failed to maintain the construction site and the work, labor and services performed thereat in a reasonably safe, suitable and adequate condition and repair.

26

191.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees failed to provide for the safety, protection and well-being of persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

192.    At all times relevant, defendant BLINK, its servants, agents, permittees, contractors and/or employees failed to provide a reasonably safe place to work for persons lawfully working upon the construction site, in violation of the Labor Law of the State of New York.

193.    At all times relevant, defendant BLINK, failed to provide and/or ensure the use of reasonably safe, suitable and adequate safety equipment, safeguards, apparatus and/or instrumentalities for use in conjunction with the work site and the work, labor and/or services which was being performed at the construction site.

194.    That on February 13, 2020 plaintiff, CARLO RAMIREZ, was lawfully present upon the construction site.

195.    That on February 13, 2020 plaintiff, CARLO RAMIREZ was lawfully at the construction site in connection with his employment with Manley Construction.

196.    That on February 13, 2020 plaintiff, CARLO RAMIREZ was caused to sustain serious, severe and permanent personal injuries as a result of the carelessness, recklessness and negligence of the defendants.

197.    That on February 13, 2020, and for a period of time prior thereto, there existed dangerous, defective, hazardous, unguarded, unprotected, unsupervised and unsafe conditions at the construction site.

198.    That on February 13, 2020 plaintiff, CARLO RAMIREZ, was caused to suffer

27

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020

NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

severe and permanent personal injuries as a result of the dangerous, defective, hazardous,

unguarded, unprotected, unsupervised and unsafe conditions existing at the construction site.

199.   That by reason of the foregoing, plaintiff, CARLO RAMIREZ, was injured.

200.   That the foregoing accident was caused solely by reason of the carelessness,

negligence, wanton and willful disregard by the defendants without any negligence on the part of

plaintiff, CARLO RAMIREZ, contributing thereto.

201.   That it was the duty of the defendants to furnish the plaintiff with a reasonably safe

place to perform the work required of him upon said building and to provide him with suitable and

proper safety equipment. That said occurrence was caused solely by reason of the negligence,

carelessness and recklessness of the defendants, in the ownership, operation, management,

maintenance, cleaning, supervision and control of the aforesaid work site at the place

aforementioned; in allowing suffering and permitting said premises and a portion thereof to be and

remain in a dangerous and hazardous condition; in allowing said work site to be and remain in a

dangerous and defective state, constituting an unreasonable, actual and potential trap and menace

likely to cause severe and serious personal injuries; in failing to remedy said dangerous condition; in

creating said dangerous condition; in failing to take reasonable and adequate precautions and

measures to prevent the occurrence; in failing to have competent help or employees who would

perform inspection; in failing to conduct reasonable and proper inspections of said premises; in

failing to provide reasonable, suitable, and adequate protective devices to protect the plaintiff; and

defendants were further careless and negligent in failing to provide a safe and proper place for

plaintiff to work; all in violation of the laws and ordinances of the City and State of New York,

including sections 200 and 241(6) of the Labor Law, the Industrial Code of the State of New York

and Occupational Safety and Health Act; in causing and allowing the plaintiff to work on a live

28

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020

NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

electrical panel box; in causing and allowing other construction operations, including drilling, to proceed in close proximity to the electrical panel box the plaintiff was working on; in failing to de-energize the electrical panel box the plaintiff was required to work on, before he began his work; in causing an allowing the plaintiff to suffer injuries from electrical arc; in failing to provide the plaintiff with the proper safety equipment to prevent him from being injured in an electrical arc event; in that the defendants and each of the, jointly and severally, failed to so construct, equip, arrange, operate and conduct the premises the plaintiff's labors were being performed so as to provide reasonable and adequate protection for the life, health, safety of the plaintiff, said defendants further violated their duty, responsibility and obligation of law to provide safe working conditions and safe places to work for person employed in the construction, renovation, building, refurbishment and demolition activity; said defendants breached their non-delegable duty to furnish the plaintiff with safety precautions and devices required by the Labor Law of the State of New York and more particularly sections 200 and 241 of the New York State Labor Law.

202.    This action falls within one or more of the exceptions enumerated by Section 1602 of the CPLR.

203.    That by reason of foregoing, the plaintiff was rendered sick, sore, lame and disabled and suffered severe, painful and permanent injuries to various parts of his person, with accompanying pain; that he continues to be sick, sore, lame and disabled, for a long time to come and was, and will be, required to receive hospital and medical treatment and attention for his injuries and was unable and shall continue to be unable to pursue his usual pursuits, activities and employment all to his damage.

29

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 7                                        RECEIVED NYSCEF: 09/11/2020

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum of money

having a present value which exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction in this matter.

Dated: New York, New
      September 11, 2020

                            Yours, etc.,

                            SULLIVAN PAPAIN BLOCK McGRATH
                            COFFINAS & CANNAVO P.C.

                            By:
                                Eric K. Schwarz
                            Attorneys for plaintiff
                            120 Broadway – 27th Floor
                            New York, New York 10271
                            (212) 732-9000

30

FILED: QUEENS COUNTY CLERK 09/11/2020 05:12 PM
NYSCEF DOC. NO. 7

INDEX NO. 704096/2020
RECEIVED NYSCEF: 09/11/2020

## VERIFICATION

ERIC K. SCHWARZ, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action.  I have read the foregoing Amended Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true.  The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices.  The grounds of my belief as to all matters not states upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated:    New York, New York
          September 11, 2020

_____
ERIC K. SCHWARZ

31