# EXHIBIT C

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM          INDEX NO. 704096/2020

NYSCEF DOC. NO. 15                                       RECEIVED NYSCEF: 01/05/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
CARLO RAMIREZ,                                    Index No: 704096/20E

                          Plaintiff,        **S T A T E M E N T**
                                            **PURSUANT**
          -against-                         **TO CPLR §3402(b)**

FULTON SCG DEVELOPMENT LLC d/b/a FULTON
S C G   D E V E L O P M E N T   G R O U P ,   T O P   8
CONSTRUCTION CORP., UNITY CONSTRUCTION
SERVICES INC. and BLINK CONTRACTING INC.,
                          Defendant.
------------------------------------------------------------X

UNITY CONSTRUCTION SERVICES INC.

                 Third-Party Plaintiff,

          -against-

WIRETECH ELECTRICAL CORP.

                 Third-Party Defendant.
------------------------------------------------------------X


          **PLEASE TAKE NOTICE** that in the above-entitled action, defendant/third-party

plaintiff UNITY CONSTRUCTION SERVICES INC.,   has impleaded WIRETECH

ELECTRICAL CORP. as third-party defendant. The caption of the action is now as set

forth above, and a copy of the statement has been served on all attorneys who have

appeared in this action.

          Index No.:     704096/20E       Calendar No.  (not yet received)

          Note of Issue has not yet been served in this action.

          The case has not been noticed for trial.

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

DATED:     January 5, 2021
           Port Chester, New York

                              Yours, etc.
                              O'CONNOR REDD ORLANDO LLP



                              William C. Neves
                              Attorneys for Defendant,
                              **UNITY CONSTRUCTION SERVICES INC.**
                              PO Box 1000|242 King Street
                              Port Chester, New York 10573
                              Main 914-686-1700|Fax 914-328-3184


TO:    SULLIVAN PAPAIN BLOCK McGRATH
       COFFINAS & CANNAVO, P,C,
       Attorneys for Plaintiff
       120 Broadway - 27th Floor
       New York, NY 10271
       (212) 732-9000
       Att: Eric K. Schwarz

       TRAUB LIEBERMAN STRAUS
       & SHREWSBERRY LLP
       Attorneys for Defendants,
       FULTON SCG DEVELOPMENT LLC
       D/B/A FULTON SCG DEVELOPMENT
       GROUP AND TOP 8 CONSTRUCTION
       CORP.
       Mid-Westchester Executive Park
       Seven Skyline Drive
       Hawthorne, NY 10532
       (914) 347-2600
       Att: Mario Castellitto

**WIRETECH ELECTRIC CORP.**
**1111 44TH DRIVE, 2ND FL - OFFICE 4**
**LONG ISLAND CITY, NEW YORK, 11101**
       **VIA PERSONAL SERVICE**
       **AND SERVICE VIA SECRETARY OF STATE**

2

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
INDEX NO. 704096/2020

NYSCEF DOC. NO. 15
RECEIVED NYSCEF: 01/05/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X       Index No: 704096/20E
CARLO RAMIREZ,

                            Plaintiff,

            -against-                                                       **THIRD-PARTY**
                                                                            **SUMMONS**
FULTON SCG DEVELOPMENT LLC d/b/a FULTON
SCG DEVELOPMENT GROUP, TOP 8
CONSTRUCTION CORP., UNITY CONSTRUCTION
SERVICES INC. and BLINK CONTRACTING INC.,

                            Defendant.

--------------------------------------------------------------------X
UNITY CONSTRUCTION SERVICES INC.

                    Third-Party Plaintiff,

            -against-

WIRETECH ELECTRICAL CORP.

                    Third-Party Defendant.
--------------------------------------------------------------------X

**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:**

            **YOU ARE HEREBY SUMMONED** to answer the Third-Party Complaint of the

defendant/third-party plaintiff, UNITY CONSTRUCTION SERVICES INC., copies of which

are herewith served upon you, and to serve copies of your Answer upon the undersigned

attorneys for the defendant/third-party plaintiff, O'CONNOR REDD ORLANDO LLP,

whose address is 242 King Street, Port Chester, NY 10573 within twenty (20) days after

service of the Third-Party Summons and Verified Third-Party Complaint, exclusive of the

day of service, or within thirty (30) days if such service is made upon you outside the

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

State of New York, and in case of your failure to appear or answer, judgment will be entered against you by default for the relief demanded in the Verified Third-Party Complaint

DATED:      January 5, 2021
            Port Chester, New York

Yours, etc.
O'CONNOR REDD ORLANDO LLP

William C. Neves
Attorneys for Defendant,
**UNITY CONSTRUCTION SERVICES INC.**
PO Box 1000|242 King Street
Port Chester, New York 10573
Main 914-686-1700|Fax 914-328-3184

TO:

**VIA PERSONAL SERVICE AND SERVICE VIA SECRETARY OF STATE**

**WIRETECH ELECTRIC CORP.**
**1111 44TH DRIVE, 2ND FL - OFFICE 4**
**LONG ISLAND CITY, NEW YORK, 11101**

        SULLIVAN PAPAIN BLOCK McGRATH
        COFFINAS & CANNAVO, P,C,
        Attorneys for Plaintiff
        120 Broadway - 27th Floor
        New York, NY 10271
        (212) 732-9000
        Att: Eric K. Schwarz

        TRAUB LIEBERMAN STRAUS
        & SHREWSBERRY LLP
        Attorneys for Defendants,
        FULTON SCG DEVELOPMENT LLC
        D/B/A FULTON SCG DEVELOPMENT

                        2

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM   INDEX NO. 704096/2020

NYSCEF DOC. NO. 15                                  RECEIVED NYSCEF: 01/05/2021

GROUP AND TOP 8 CONSTRUCTION
CORP.
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600
Att: Mario Castellitto

3

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
CARLO RAMIREZ,

                        Plaintiff,

      -against-

FULTON SCG DEVELOPMENT LLC d/b/a FULTON
SCG DEVELOPMENT GROUP, TOP 8
CONSTRUCTION CORP., UNITY CONSTRUCTION
SERVICES INC. and BLINK CONTRACTING INC.,

                        Defendant.
--------------------------------------------------------------X
UNITY CONSTRUCTION SERVICES INC.

                Third-Party Plaintiff,

      -against-

WIRETECH ELECTRICAL CORP.

                Third-Party Defendant.
--------------------------------------------------------------X

Index No: 704096/20E

**VERIFIED
THIRD-PARTY
COMPLAINT**

     Defendant/Third-Party Plaintiff, UNITY CONSTRUCTION SERVICES INC., as and for their Verified Third-Party Complaint against third-party defendant WIRETECH ELECTRICAL CORP., by their attorneys, O'CONNOR REDD ORLANDO LLP, respectfully alleges, upon information and belief, as follows:

## PARTIES

1.    At all times hereinafter mentioned, defendant/third-party plaintiff UNITY CONSTRUCTION SERVICES INC., (hereinafter "UNITY") is a foreign business corporation organized and existing under and by virtue of the Laws of the State of New Jersey.

2.    At all times hereinafter mentioned, third-party defendant WIRETECH

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

ELECTRICAL CORP.   (hereinafter "WIRETECH") was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

3.   At all times hereinafter mentioned, third-party defendant WIRETECH  was and still is a foreign corporation authorized to do business in the State of New York.

4.   At all times hereinafter mentioned, third-party defendant WIRETECH was and has been a domestic partnership and/or domestic business entity doing business in the state of New York.

5.   At all times hereinafter mentioned, third-party defendant WIRETECH was and still is a domestic corporation authorized to do business within the State of New York.

6.   At all times hereinafter mentioned, third-party defendant WIRETECH was and still is a domestic corporation actually doing business within the State of New York.

7.   At all times hereinafter mentioned, third-party defendant WIRETECH was and still is a domestic corporation transacting business within the State of New York and/or contracting to buy or sell goods and/or services within the State of New York.

8.   At all times hereinafter mentioned, third-party defendant WIRETECH transacted business within the State of New York.

**FACTS AND PROCEDURAL HISTORY**

9.   On February 13, 2020, plaintiff CARLO RAMIREZ allegedly sustained personal injuries during the course of his employment for WIRETECH at the property and site located at 133-36 37th Avenue, Town of Flushing (Queens), County of

2

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

NYSCEF DOC. NO. 15

INDEX NO. 704096/2020

RECEIVED NYSCEF: 01/05/2021

QUEENS, State of New York (hereinafter "the subject premises").

10.   On or about September 11, 2020, plaintiff CARLO RAMIREZ commenced an action against the defendant/third-party plaintiff herein alleging personal injuries arising out of an accident alleged to have occurred on February 13, 2020, at the subject premises.  A copy of Plaintiff's Amended Summons and Complaint is annexed hereto as **EXHIBIT "A**."

11.   Without admitting the truth of the allegations therein, plaintiff CARLO RAMIREZ alleges in his Complaint that he was caused to be injured due to the negligence of the defendants herein.

12.   On or about December 14, 2020, issue was joined by defendant/third party plaintiff UNITY with the service of its Answer.  A copy of defendant's Answer is annexed hereto as **EXHIBIT "A**."

13.   Prior to February 13, 2020, for good and valuable consideration, UNITY entered into a written agreement with WIRETECH whereby and wherein WIRETECH agreed to perform work, provide equipment, labor and/or services at the subject premises, including the work plaintiff CARLO RAMIREZ was allegedly performing on the date of his claimed accident. A copy of said written agreement is annexed hereto as **EXHIBIT "B"**("Agreement").

14.   The written agreement between UNITY and WIRETECH is annexed hereto as **EXHIBIT "B"** was in full force and effect at the time of the occurrence alleged in plaintiff's Complaint on or about February 13, 2020.

15.   Pursuant to the Agreement, the Third-Party Defendant WIRETECH agreed to

3

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

NYSCEF DOC. NO. 15

INDEX NO. 704096/2020

RECEIVED NYSCEF: 01/05/2021

perform work in accordance with the Agreement.

16.     After execution of the Agreement, Third-Party Defendant WIRETECH commenced the performance of work at the subject premises pursuant to the Agreement.

17.     Plaintiffs complained-of injuries and damages arose out of Third-Party Defendant's performance of the work referenced in the Agreement.

18.     Pursuant to this Agreement, third-party defendant WIRETECH agreed to perform work, provide equipment, labor and/or subcontract services at the subject premises for the benefit of the third party plaintiff UNITY.

19.     Upon information and belief, third-party defendant WIRETECH performed work at the subject premises pursuant to the Agreement, said performance was rendered directly to the third party plaintiff UNITY.

20.     Upon information and belief, third party plaintiff UNITY was a direct beneficiary of third-party defendant WIRETECH's promise and performance at the subject premises.

21.     Upon information and belief, third-party defendant WIRETECH retained, hired, employed, contracted and/or subcontracted plaintiff CARLO RAMIREZ to perform certain work and/or labor at the subject premises.

22.     Pursuant to the written agreement, between UNITY and WIRETECH, third-party defendant WIRETECH agreed to defend, indemnify and hold harmless the defendant/third-party plaintiff UNITY as follow:

11.6. To the fullest extent permitted by law, the Subcontractor (WIRETECH) agrees to defend, indemnify and hold harmless the Contractor (UNITY), the Owner, and any other party whom the Contractor has agreed to defend, indemnify and hold harmless, as well as each of their officers, directors, partners, agents, servants, employees, successors and assigns ("indemnitees") from and against

4

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

any and all claims, damages, losses, costs and expenses of any kind, including but not limited to attorney's fee, incurred by reason of any liability for damage because of bodily injury, including death resulting from such injuries, or property damage to real and personal property of any kind whatsoever, sustained by any person or persons, whether employees of the Subcontractor or otherwise, resulting from, arising out of or occurring in connection with the performance of the work provided for in this contract, together with any change orders or additions to the work included in the contract.

The Subcontractor agrees that the obligation to defend, indemnify and hold harmless, as described above, specifically includes the obligation to defend, indemnify and hold harmless the indemnitees for the indemnitees' own negligence or fault, excepting from the foregoing the sole negligence or fault of any indemnitee if prohibited by law.

The Subcontractor agrees that the obligation to defend commences when a claim is made against an indemnitee, even if the Subcontractor disputes its obligation to indemnify and hold harmless. The defense shall be provided through counsel chosen by the indemnitee, and the Subcontractor agrees to pay for the defense of the indemnitee upon demand. The obligation to defend, indemnify and hold harmless, as described above, survives completion or acceptance of the Work. This indemnification clause supersedes any other indemnification clause in the Contract Documents, including those that are incorporated by reference, or that conflict with it in any way. Subcontractor also agrees to contractually bind its Subcontractors (if any) to defend, indemnify and hold harmless the indemnitees to the same extent as the Subcontractor is obligated. This indemnification clause, irrespective of any other choice of law provision, shall be interpreted according to the laws of the state of New Jersey.

*See,* **Exhibit "B."**

23.    The Indemnity Provision of the Agreement was in full force and effect on the date of the incident alleged in Plaintiff's Verified Complaint.

24.    Pursuant to the Agreement, between UNITY and WIRETECH, third-party defendant WIRETECH agreed to purchase insurance coverage, as described in part below:

11.    The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability, all of which shall list Contractor and the Owner as additional insureds (except Workers' Compensation coverage):

11.1.    Commercial General Liability (CGL) with limits of Insurance of not less than $1,000,000 each occurrence and $2,000,000 Annual Aggregate.

5

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

INDEX NO. 704096/2020

NYSCEF DOC. NO. 15

RECEIVED NYSCEF: 01/05/2021

    a.    If the CGL coverage contains a General Aggregate Limit, such General Aggregate shall apply separately to each project.

    b.    CGL coverage shall be written on ISO Occurrence form CG 00 01 1093 or a substitute form providing equivalent coverage and shall cover liability arising from premises, operations, independent contractors, products-completed operations and personal and advertising injury.

    c.    General Contractor, Owner and all other parties required of the General Contractor, shall be included as insureds on the CGL, using ISO Additional Insured Endorsement CG 20 10 (10 93) AND CG 20 37 (10 01) or CG 20 33 (10 01) AND CG 20 37 (10 01) or an endorsement providing equivalent coverage to the additional insureds. This insurance for the additional insureds shall be as broad as the coverage provided for the named insured Subcontractor. It shall apply as Primary and non-contributing Insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the additional insured.

    d.    Subcontractor shall maintain CGL coverage for itself and all additional insureds for the duration of the project and maintain Completed Operations coverage for itself and each additional insured for at least 3 years after completion of the Work. .....

See, **Exhibit "B."**

25.    The Insurance Procurement Provision of the Agreement was in full force and effect on the date of the incident alleged in Plaintiff's Verified Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

26.    The defendant/third-party plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if more fully set forth herein.

27.    If the plaintiff sustained the injuries and/or damages as alleged in his Complaint, then these injuries, damages or both were sustained within the terms of the aforesaid written agreement, between UNITY and WIRETECH, thereby requiring third-party defendant WIRETECH to indemnify, defend, reimburse and hold harmless UNITY in this action as a beneficiary to the Agreement.

6

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

NYSCEF DOC. NO. 15

INDEX NO. 704096/2020

RECEIVED NYSCEF: 01/05/2021

28.    Any judgment rendered against defendant/third-party plaintiff UNITY in this action is covered by said Agreement (*See*, **Exhibit "B"**) and defendant/third-party plaintiff is entitled to complete contractual indemnification from, and to have judgment over and against, third-party defendant WIRETECH for any verdict which any party hereto may recover against defendant/third-party plaintiff.

29.    Third-party defendant WIRETECH is bound to defend and indemnify defendant/third-party plaintiff for any and all legal and other costs and expenses, including attorney's fees, incurred by defendant/third-party plaintiff as a result of the plaintiff's claims and/or the incident which is the subject of the plaintiff's action.

30.    That the third-party defendant breached the aforementioned Agreement in that said third-party defendant WIRETECH failed to comply with their aforesaid obligations under the terms and provisions of the contract.

31.    That as a result of said breach, the Defendants/Third Party Plaintiff UNITY have been injured herein.

32.    That by reason of the foregoing, the third-party defendant, WIRETECH will be liable to the defendants/third party plaintiff for the full amount of any recovery which might be had against the Defendants/Third Party Plaintiff UNITY and third-party defendant WIRETECH is and shall be bound to pay all costs, disbursements and/or attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

33.    The defendant/third-party plaintiff repeats, reiterates and re-alleges each and

7

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

NYSCEF DOC. NO. 15

INDEX NO. 704096/2020

RECEIVED NYSCEF: 01/05/2021

every allegation contained in paragraphs "1" through "32" with the same force and effect as if more fully set forth herein.

34. At all times relevant mentioned herein, WIRETECH supervised, directed, and controlled the work at the subject premises, and WIRETECH was in complete control over construction means, methods, and procedures under the Agreement.

35. That if the plaintiff recovers damages against the defendant/third-party plaintiff by reason of the allegations set forth in his Complaint, which liability is hereby denied, then the defendant/third-party plaintiff will be entitled to a claim over and against the third-party defendant WIRETECH, for an apportionment of said liability by reason of third-party defendant's negligence, reckless and careless in the operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; in conducting the work of construction, reconstruction and/or renovation in a careless and reckless manner contrary to law, including, but not limited to, the Labor Law of the State of New York; in causing and/or permitting the premises under construction to be and remain in a dangerous, improper and unlawful condition thereby causing injury to

8

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

NYSCEF DOC. NO. 15

INDEX NO. 704096/2020

RECEIVED NYSCEF: 01/05/2021

the plaintiff; in furnishing a work place which was operated, equipped, constructed, arranged and maintained in a manner that was dangerous and hazardous; in failing to provide proper and essential tools and equipment properly guarded maintained and in good repair to persons lawfully employed at the work place; in failing to provide proper and essential protection and safeguards to persons lawfully employed and present on said premises, all in violation of applicable laws, statutes and ordinances and in utter disregard of the safety of workmen, including plaintiff, and being otherwise careless, reckless and negligent in the premises with regard to the means and methods of WIRETECH's labor, operation, maintenance, management and control of the aforementioned premises. It is further alleged that third-party defendant was negligent and/or strictly liable in failing to comply with local, Federal and State rules and regulations.

36.     Further, as a result of this alleged February 13, 2020 accident, the plaintiff CARLO RAMIREZ has alleged injuries which may qualify as a "grave injury" as defined by Workers' Compensation Law § 11, and defendant's/third-party plaintiff's are entitled to common law indemnity from third-party defendant under Worker's Compensation law § 11.

37.     By reason of the foregoing and under principles of common-law indemnity, third-party defendant WIRETECH will be obligated to indemnify defendant/third-party plaintiff by reason of the occurrence described in plaintiff's Complaint or, in the alternative, for such proportion of any judgment as the relative responsibilities may warrant, and defendant/third-party plaintiff are entitled to have judgment over and against third-party defendant WIRETECH for all or any part

9

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

of any verdict or judgment which may be recovered against the defendant/third-party plaintiff in this action.

38.   Furthermore, third-party defendant WIRETECH  is bound to defend and to indemnify defendant/third-party plaintiff for any and all legal and other costs and expenses, including attorney's fees, incurred by defendant/third-party plaintiff as a result of the plaintiff's claims and/or the incident which is the subject of the plaintiff's action.

## AS AND FOR A THIRD CAUSE OF ACTION

39.   The defendant/third-party plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if more fully set forth herein.

40.   If the Plaintiff was caused to sustain damages at the time and place set forth in the Plaintiff's Verified Complaint, said damages were caused by the negligence, recklessness, acts or omissions, and/or breaches of duty, and/or warranty, and/or contract, and/or strict liability of WIRETECH.

41.   If the Defendants/Third-Party Plaintiffs are found liable for any of the damages as set forth in the Plaintiffs' Verified Complaint, then the relative responsibility of the Third-Party Defendant WIRETECH must in fairness be apportioned.

42.   If any judgment is recovered by the plaintiff against the Defendants/Third Party Plaintiffs, UNITY will be damaged thereby and the third-party defendant, WIRETECH was or will be responsible therefore to the Defendant/Third Party Plaintiff for indemnification and/or contribution.

43.   As such, the Third-Party Defendant WIRETECH will be liable over and jointly and

10

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 15                                        RECEIVED NYSCEF: 01/05/2021

severally to the Defendants/Third-Party Plaintiffs for the full amount of any verdict or judgment that the Plaintiff may herein recover against the Defendants/Third-Party Plaintiffs in this action, including all costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of this action, and the prosecution of this third party action, or for such proportion thereof caused by the relative responsibility of the Third-Party Defendant WIRETECH and Defendants/Third-Party Plaintiffs will be entitled to have judgment over and against said Third-Party Defendant accordingly

### AS AND FOR A FOURTH CAUSE OF ACTION

44.     The defendant/third-party plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if more fully set forth herein.

45.     That, pursuant to the aforementioned Agreement between UNITY and WIRETECH, third-party defendant WIRETECH agreed to obtain comprehensive general and excess liability insurance naming defendant/third-party plaintiff as additional insureds against any and all claims of personal injury occurring in, arising out of, or resulting from the performance of the work provided for in the written agreement or occurring in connection therewith. *See,* **Exhibit "B"**.

46.     Pursuant to the Agreement, WIRETECH was required to obtain and maintain liability insurance coverage before any work could start at the subject premises.

47.     Pursuant to said Agreement, between UNITY and WIRETECH, third-party defendant WIRETECH agreed to provide additional insured coverage to UNITY

11

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

which was primary and non-contributory to any of UNITY's general liability insurance. *See*, **Exhibit "B"**.

48.   Pursuant to said written agreement, between UNITY and WIRETECH, third-party defendant WIRETECH agreed to provide a certificate of insurance duly issued by WIRETECH's insurance carrier, naming UNITY as an additional insured. *See*, **Exhibit "B"**.

49.   WIRETECH failed to provide a certificate of insurance duly issued by WIRETECH's insurance carrier, naming UNITY as an additional insured.

50.   That the third-party defendant WIRETECH represented to defendant/third-party plaintiff that all appropriate coverages as required by the aforementioned written agreement were procured, in force and effect and available and that said insurance policies named defendant/third-party plaintiff as additional insureds for the work being performed at the above mentioned subject premises. *See,* **Exhibit "B"**.

51.   Third-party defendant WIRETECH has failed to procure the insurance coverage on behalf of defendant/third-party plaintiff in the types and manner specified.

52.   That, in the event the third-party defendant WIRETECH  does not defend, indemnify or hold harmless the defendant/third-party plaintiff through the insurance coverages purchased by the third-party defendant, and the plaintiff recovers any judgment or verdict as and against the defendant/third-party plaintiff, for any of the reasons set forth in the plaintiff's Complaint, then the third-party defendant WIRETECH will be bound to indemnify the defendant/third-party

12

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

plaintiff for the full amount of any damages, verdict or judgment that might be assessed against defendant/third-party plaintiff in this action pursuant to the third-party defendant's breach of their contractual obligations to provide insurance coverages and the doctrine as set forth in Kinney v. Lisk, 76 N.Y.2d 215 (1990) and its progeny, for any such verdict, damages or judgment including interest, costs, disbursements, attorney's fees and investigation fees for the defense of this action.

[intentionally blank]

13

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM

NYSCEF DOC. NO. 15

INDEX NO. 704096/2020

RECEIVED NYSCEF: 01/05/2021

**WHEREFORE**, defendant/third-party plaintiff demand judgment over and against third-party defendant, WIRETECH ELECTRICAL CORP., for (1) contractual indemnification, including reimbursement of costs and attorneys fees incurred by defendant/third-party plaintiff in defending this action; (2) common law indemnity; (3) common law contribution; and (4) failure to procure the insurance coverage on behalf of defendant/third-party plaintiff; (5) and for such other and further relief as this Court deems just and equitable.

DATED:     January 5, 2021
           Port Chester, New York

Yours, etc.
O'CONNOR REDD ORLANDO LLP

**William C. Neves**
Attorneys for Defendant,
UNITY CONSTRUCTION SERVICES INC.
P.O. Box 1000
242 King Street
Port Chester, NY 10573
(914) 686-1700

14

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM INDEX NO. 704096/2020
NYSCEF DOC. NO. 15                                                    RECEIVED NYSCEF: 01/05/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
CARLO RAMIREZ,

                Plaintiff,

    -against-

FULTON SCG DEVELOPMENT LLC d/b/a FULTON
SCG DEVELOPMENT GROUP, TOP 8
CONSTRUCTION CORP., UNITY CONSTRUCTION
SERVICES INC. and BLINK CONTRACTING INC.,

                Defendant.

--------------------------------------------------------------X
UNITY CONSTRUCTION SERVICES INC.

                Third-Party Plaintiff,

    -against-

WIRETECH ELECTRICAL CORP.

                Third-Party Defendant.

--------------------------------------------------------------X

Index No: 704096/20E

**ATTORNEY**
**VERIFICATION**

    **WILLIAM C. NEVES**, an attorney admitted to practice in the courts of New York

State, and says that:

    I am the defendant/third-party plaintiff's attorney of record, or of counsel with the

attorney(s) of record, for UNITY CONSTRUCTION SERVICES INC., in this action. I have

read the annexed **VERIFIED THIRD-PARTY COMPLAINT,** and know the contents

thereof and the same are true to my knowledge, except those matters therein which are

stated to be alleged on information and belief, and as to those matters I believe them to

be true.

    My belief, as to those matters therein not stated upon knowledge, is based upon

the following: investigation, contracts, correspondence, interviews and file information

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
INDEX NO. 704096/2020
NYSCEF DOC. NO. 15
RECEIVED NYSCEF: 01/05/2021

contained in my possession.

The reason I make this affirmation instead of said defendants is your deponent maintains his  office outside of the county in which these defendant/third-party plaintiff maintains their place of business and/or residence.

I affirm that the foregoing statements are true under penalties of perjury.

DATED:      January 5, 2021
            Port Chester, New York

Yours, etc.
O'CONNOR REDD ORLANDO LLP

**William C. Neves**
Attorneys for Third Party Plaintiff/Defendant,
**UNITY CONSTRUCTION SERVICES INC.**

2

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM
NYSCEF DOC. NO. 15

INDEX NO. 704096/2020
RECEIVED NYSCEF: 01/05/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X         Index No: 704096/20E
CARLO RAMIREZ,

                              Plaintiff,                                 **AFFIDAVIT OF
                                                                         SERVICE**

        -against-

FULTON SCG DEVELOPMENT LLC d/b/a FULTON
SCG DEVELOPMENT GROUP, TOP 8
CONSTRUCTION CORP., UNITY CONSTRUCTION
SERVICES INC. and BLINK CONTRACTING INC.,

                              Defendant.

-------------------------------------------------------------X
UNITY CONSTRUCTION SERVICES INC.

                    Third-Party Plaintiff,

        -against-

WIRETECH ELECTRICAL CORP.

                    Third-Party Defendant.
-------------------------------------------------------------X

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF WESTCHESTER        )

        **RAMONA W. SMITH**, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on January 5, 2021, she served the within **STATEMENT PURSUANT TO CPLR §3402(b), THIRD-PARTY SUMMONS, THIRD-PARTY COMPLAINT, ATTORNEY VERIFICATION,** on the following attorney(s), in the following place(s) and in the following manner:

TO:     SULLIVAN PAPAIN BLOCK McGRATH
        COFFINAS & CANNAVO, P,C,
        Attorneys for Plaintiff
        120 Broadway - 27th Floor
        New York, NY 10271
        (212) 732-9000
        Att: Eric K. Schwarz

FILED: QUEENS COUNTY CLERK 01/05/2021 05:40 PM          INDEX NO. 704096/2020
NYSCEF DOC. NO. 15                                       RECEIVED NYSCEF: 01/05/2021

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP
Attorneys for Defendants,
FULTON SCG DEVELOPMENT LLC
D/B/A FULTON SCG DEVELOPMENT
GROUP AND TOP 8 CONSTRUCTION
CORP.
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600
Att: Mario Castellitto

**VIA PERSONAL SERVICE AND SERVICE VIA SECRETARY OF STATE:**

**WIRETECH ELECTRIC CORP.**
**1111 44TH DRIVE, 2ND FL - OFFICE 4**
**LONG ISLAND CITY, NEW YORK, 11101**

**VIA NYSCEF.**

_____/s/_____<br>**RAMONA W. SMITH**

Sworn to before me
January 5, 2021

_____/s/_____
**NOTARY PUBLIC**

2



# NYSCEF - Queens County Supreme Court
# Payment Receipt



This is an automated response for Supreme Court cases.  The NYSCEF site has received your electronically filed documents for the following case.

**704096/2020**

**CARLO RAMIREZ v. FULTON SCG DEVELOPMENT LLC et al**

## Documents Received on   01/05/2021 05:40 PM

| Doc # | Document Type | Control # | Motion # | Fee |
|---|---|---|---|---|
| 15 | THIRD PARTY SUMMONS/COMPLAINT | | | $0.00 |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | | | |
| | | | *3rd Party Index Fee* | + $210.00 |
| | | | *Total Fee* | **$210.00** |

## Payment Information

| | |
|---|---|
| Generated Receipt #: | 0002014178 |
| Payment Type: | **VISA/MC** |
| Date Paid: | **01/05/2021** |
| Fee Amount: | **$210.00** |
| Authorization Code: | **731427** |
| Comments: | |

## Filing User

William Cirne Neves | wneves@oconnorlawfirm.com | (914) 686-1700
242 King Street, Port Chester, NY 10573

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601   Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center -  nyscef@nycourts.gov**
**Phone:** (646) 386-3033    **Fax:** (212) 401-9146    **Website:** www.nycourts.gov/efile